IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN VAPOR GROUP LLC and RED STAR VAPOR, <br><br> Petitioners, <br><br> v. <br><br> U.S. FOOD & DRUG ADMINISTRATION, et al., <br><br> Respondents. | No. 24-7374 |

**JOINT MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

The parties respectfully request that proceedings in this matter be held in abeyance pending the Supreme Court's decision in *FDA v. Wages & White Lion Investments, LLC*, No. 23-1038 (argued Dec. 2, 2024), and its disposition of the petition for certiorari in *Lotus Vaping Technologies, LLC v. FDA*, No. 23-871. In support of this motion, the parties state the following:

1. Petitioners seek review of a U.S. Food and Drug Administration (FDA) order denying petitioner American Vapor Group LLC's application to market various flavored e-cigarette products. On December 6, 2024, petitioners filed petitions for review in both the United States Court of

Appeals for the Fifth Circuit and this Court. On December 17, the Fifth Circuit dismissed the petition pursuant to the parties' joint stipulation.

3. The parties now request that this Court hold these proceedings in abeyance pending the Supreme Court's decision in *FDA v. Wages & White Lion Investments, LLC*, No. 23-1038 (argued Dec. 2, 2024), and its disposition of the petition for certiorari in *Lotus Vaping Technologies, LLC v. FDA*, No. 23-871 (seeking review of 73 F.4th 657 (9th Cir. 2023)).

4. *Wages* and *Lotus Vaping* also involved FDA orders denying applications to market various flavored e-cigarette products. Because the Supreme Court's decision in *Wages* and its disposition of *Lotus Vaping* may impact the presentation of the issues in this case, holding the case in abeyance would conserve the parties' resources and serve the interests of judicial economy. The parties propose that, within 14 days of the Supreme Court's resolution of *Wages* and disposition of the *Lotus Vaping* petition for certiorari, the parties will inform the Court and propose a schedule for any further proceedings in this case.

5. Accordingly, the parties move the Court to place these proceedings in abeyance pending the Supreme Court's resolution of *Wages* and disposition of the *Lotus Vaping* petition for certiorari.

Respectfully submitted,

| | |
|---|---|
| */s/ Eric P. Gotting* | BRIAN M. BOYNTON |
| ERIC P. GOTTING | *Principal Deputy Assistant Attorney General* |
| *Counsel for Petitioners* | |
| Keller and Heckman LLP | LINDSEY POWELL |
| 1001 G Street, N.W. | */s/ Derek Weiss* |
| Suite 500 West | DEREK WEISS |
| Washington, D.C.  20001 | *Attorneys, Appellate Staff* |
| gotting@khlaw.com | *Civil Division, Room 7325* |
| (202) 434-4100 | *U.S. Department of Justice* |
| | *950 Pennsylvania Ave., NW* |
| | *Washington, DC 20530* |
| | *derek.l.weiss@usdoj.gov* |
| | *(202) 616-5365* |

January 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 535 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Derek Weiss*
DEREK WEISS

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS). Participants in the case are registered ACMS users, and service will be accomplished by the ACMS.

*/s/ Derek Weiss*
DEREK WEISS